UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In re:                              **NOTICE OF MOTION**
                                    **CONFIRMING NO STAY AND FOR**
                                    **PROSPECTIVE RELIEF**
                                    **TO VACATE STAY**

    JOANN SCOTT,
                                    CHAPTER 13
                                    CASE NO. 15-40038
                  Debtor.
----------------------------------X
**S I R S :**

    **PLEASE TAKE NOTICE** that upon the annexed Affirmation of PETER T. ROACH a motion pursuant to 11 U.S.C. Sections 362(d)(1) and (2), will be made as set forth below:

| | |
|---|---|
| JUDGE: | Elizabeth S. Stong |
| RETURN DATE AND TIME: | July 7, 2015 @ 10:00 A.M. |
| COURTHOUSE: | U.S. Bankruptcy Court, EDNY<br>Conrad B. Duberstein Courthouse<br>271-C Cadman Plaza East<br>Brooklyn, NY 11201-1800 |
| RELIEF REQUESTED: | 1. An order granting applicant FJN Management Corp. relief from stay by virtue of 11 U.S.C. Section 362(d)(1) and (2) for cause, on the grounds of lack of adequate protection with regard to the premises located at 382 QUINCY STREET, BROOKLYN, NY 11216; and relief pursuant to 11 U.S.C. Section 105(a) and 362(d)(4)(B) providing that said order shall be effective in any future filing of any case by anyone claiming an interest in the premises 382 QUINCY STREET, BROOKLYN, NY 11216 for two years from the date thereof; |

(CONTINUED ON NEXT PAGE)

       2. leave to proceed with a foreclosure action in the Supreme Court of the State of New York, County of Kings;

       3. for such other, further and different relief as may be just, proper and equitable.

Dated: Syosset, New York
       May 21, 2015

Respectfully,

PETER T. ROACH AND ASSOCIATES, P.C.

*/s/ Michael C. Manniello*
Michael C. Manniello(11-3410831)
Attorneys for Secured Creditor
FJN Management Corp..
125 Michael Drive – Suite 105
Syosset, NY  11791
(516) 938-3100 Ext. 336

**TO:**

| | |
|---|---|
| **JOANN SCOTT** | **MARIANNE DE ROSA** |
| Pro Se Debtor | **Trustee** |
| 382 Quincy Street | 115 Eileen Way, Suite 105 |
| Brooklyn, NY 11216 | Syosset, NY 11791 |
| | |
| **ERICA T. YITZHAK, Esq.** | **UNITED STATES TRUSTEE** |
| Counsel for Debtor | Eastern District of NY |
| 17 Barstow Road | (Brooklyn Office) |
| Suite 406 | U.S. Federal Office Building |
| Great Neck, NY 11021 | 201 Varick Street, Suite 1006 |
| | New York, NY 10014 |

```
UNITED STATES BANKRUPTCY COURT        MOTION DATE:
EASTERN DISTRICT OF NEW YORK          July 7, 2015 @ 10:00 a.m.
--------------------------------x
In re:                                Chapter 13
                                      Case No. 15-41632
     JOANN SCOTT,
                                      AFFIRMATION IN SUPPORT OF
                                      ENTRY OF AN ORDER FOR
                                      RELIEF FROM STAY WITH
                                      PREJUDICE AND FOR IN REM
                                      RELIEF
                    Debtor.
--------------------------------x
```

Michael C. Manniello, the undersigned, an attorney duly admitted to practice law before the Courts of the State of New York and admitted in the Eastern District of New York, hereby affirms the following to be true under the penalty of perjury:

1. I am Associated with the law firm of Peter T. Roach and Associates, P.C., attorneys of record for ("Movant") herein, and as such, I am fully familiar with the facts and circumstances hereinafter set forth. Movant holds a Judgment of Foreclosure and Sale as to the real property known as and by 382 Quincy Street, Brooklyn, New York 11216 (the "Premises") entered in the Office of the Kings County Register on August 6, 2014 (See Exhibit "A").

2. Since that time two (2) bankruptcy proceedings have been filed by Joann Scott who is a current record owner of

the Premises.  The history of the filings, both in the Eastern District of New York is as follows: case 15-40038 was filed on January 7, 2015 (on the eve of a scheduled foreclosure sale) and was dismissed for debtor's failure to cure deficiency filing. A Final Notice of Section 521 Deficiencies was filed on February 9, 2015 advising the debtor of statements and schedules due to be filed or the case would be  subject to dismissal under § 521(i)(1) of the Bankruptcy Code.  Debtor failed to complete the necessary filings thus allowing the case to be automatically dismissed on February 24, 2015 (See Exhibit "B"). A foreclosure sale was scheduled for April 16, 2015. Just days prior to that scheduled sale, and less than sixty days form the dismissal of the prior bankruptcy filing Joann Scott filed this [second] petition, under case number 15-41632. On April 17, 2015, a Notice of Deficient Filing was docketed with certificate of service.  (See Exhibit "C").  The dockets of these two cases demonstrate Scott has absolutely no intention of completing the bankruptcy case, and that they were filed merely to thwart and stall Movant from proceeding to foreclosure sale.

3.   A foreclosure sale was scheduled for April 16, 2015.  On April 13, 2015 Joann Scott, filed the within

Chapter 13 case. Pursuant to 11 USC 362(c)(3)(B) the stay afforded Debtor by this filing will terminate thirty (30) days after the filing of the within case, however Movant is entitle to have the stay vacated prospectively to prevent further abuses.

**THE DEBTOR HAS NO EQUITY IN THE PREMISES AND SAID PREMISES IS NOT NECESSARY TO AN EFFECTIVE REORGANIZATION THEREFORE MOVANT WOULD HAVE BEEN ENTITLED TO RELIEF FROM THE STAY IN ANY EVENT**

4. Pursuant to Section 362(d)(2) of the Bankruptcy Code, the Court shall grant relief from stay and allow a creditor to take acts against property where the debtor does not have any equity in such property and the property is not necessary to an effective reorganization. **See**, **11 U.S.C. §362(d)(2)(A)&(B).**

5. In the instant case, Movant would have been entitled to relief from stay because the Debtor herein does not currently and did not at the time of the filing of the within case have any equity in the subject premises as the total debt owed on the property, in the amount of $902,210.00, far exceeds the value of the property. A recent broker price opinion valued the property at $815,000.00 which is nearly $100,000.00 less than the debt due (See Exhibit D).

**THE STAY SHOULD BE VACATED PROSPECTIVELY AS TO ANY FUTURE BANKRUPTCY FILING BY DEBTOR OR ANY OTHER PARTY CLAIMING AN INTEREST IN THE REAL PROPERTY TO PREVENT ABUSIVE FILINGS**

7. As this Debtor's abuse has no bounds, Movant seeks relief pursuant to §105(a) deeming that any filing of any petition under Title 11, by anyone claiming an interest in the Premises within 2 years from the date that relief herein is granted to Movant shall not stay Movant from completing its foreclosure action or evicting the occupants of the Premises. This relief is necessary to prevent continued abuse by Debtor, Joann Scott, or anyone having anything to do with the Premises.

8. Courts have vacated the stay prospectively as to further bankruptcy filings in connection with a specific real property to prevent abusive filings by co-owners intended solely to delay foreclosure on commonly held property. See *In Re Feldman*, 309 B.R. 422; See also *In Re Price*, 304 B.R. 769. Before granting *in rem* relief, a court must scrutinize the record and determine that an abuse of the bankruptcy process has occurred, through multiple filings made with the sole intention of frustrating legitimate efforts of secured creditors to recover their collateral. See *In Re Price*,

supra, at 773.  The record herein shows such a history of such serial filings intended to prevent the secured creditor's recovery of the premises.

9.   The bankruptcy petitions were each filed just in time to stave off an impending foreclosure sale.  Movant respectfully submits that this latest petition is an abusive filing by Debtor, in that Debtor is seeking to use the Bankruptcy Code <u>NOT</u> for its purpose of giving an unfortunate debtor a clean start, but rather to wield the club of the automatic stay to frustrate the lawful claims of the creditors.

10.  One of the priorities of the Bankruptcy Amendments of 2005 (BAPCPA) was to provide the Courts a means to address and to prevent continuous, multiple, abusive filings by debtors affecting a particular real property.  This is precisely the pattern exhibited by the debtors described herein.  Section 11 U.S.C. 362(d)(4)(B) allows the court to address a situation wherein the "filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved … multiple bankruptcy filings affecting such real property".

11. Applicant respectfully urges this Court to vacate the automatic stay with prejudice as to the Premises, pursuant to 11 U.S.C. 362(d)(4)(B), so as to prevent future abusive filings pursuant to the equitable powers of this Court. Such a Court Order is critical to allow Applicant to successfully conduct a foreclosure sale pursuant to the Judgment of Foreclosure granted in the underlying State Court foreclosure action.

12. It is clear that Debtor is abusing the Bankruptcy System by repeatedly filing bankruptcy right before the time of the scheduled foreclosure sales.

**WHEREFORE,** Applicant respectfully requests an Order of this Court (1) confirming the automatic stay has lapsed by virtue of 11 U.S.C. Section 362(c)(3)(B) as to Applicant; (2) granting Applicant leave to proceed with a foreclosure action in the Supreme Court of the State of New York, County of Kings or any other court with jurisdiction to dispossess Debtor; (3) granting Applicant relief pursuant to 11 U.S.C. §105(a) and 362(d)(4)(B)  deeming that any filing of any petition under Title 11, by anyone claiming an interest in the Premises known as 382 Quincy Street, Brooklyn, New York

11216, within 2 years from the date that relief is granted to Movant shall not stay Movant from completing its foreclosure action or evicting the occupants of the Premises, (4) granting the fees and costs associated with bringing the within motion; and (5) granting such other, further, and different relief as to this Court may seem just, proper, and equitable.

Dated:   Syosset, New York
         May 21, 2015

Respectfully,

PETER T. ROACH AND ASSOCIATES, P.C.

/s/ Michael C Manniello
MICHAEL C. MANNIELLO
Peter T. Roach and
Associates, P.C.
Attorney for Movant
125 Michael Drive, Suite 105
Syosset, NY 11791
516-938-3100 (x336)