| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>--------------------------------x<br>In re:<br><br>    JOANN SCOTT,<br><br><br><br><br><br>                Debtor.<br>--------------------------------x | MOTION DATE:<br>October 2, 2015, 10:00 a.m.<br><br>Chapter 13<br>Case No. 15-41632<br><br>AFFIRMATION IN SUPPORT OF CROSS-MOTION FOR ENTRY OF AN ORDER FOR PROSPECTIVE RELIEF FROM STAY WITH PREJUDICE AND FOR IN REM RELIEF |

Michael C. Manniello, the undersigned, an attorney duly admitted to practice law before the Courts of the State of New York and admitted in the Eastern District of New York, hereby affirms the following to be true under the penalty of perjury:

1. I am Associated with the law firm of Peter T. Roach and Associates, P.C., attorneys of record for ("Cross-Movant") herein, and as such, I am fully familiar with the facts and circumstances hereinafter set forth. Cross-Movant holds a Judgment of Foreclosure and Sale as to the real property known as and by 382 Quincy Street, Brooklyn, New York 11216 (the "Premises") entered in the Office of the Kings County Register on August 6, 2014 (See **Exhibit "A"**). Debtor moves for certain relief which is neither supported by the facts nor the law. As will be

demonstrated herein Debtor is not entitled to any relief and Cross-Movant is entitled to the relief sought.

2. Since the entry of the state court Judgment of Foreclosure two (2) bankruptcy proceedings have been filed by Joann Scott who is a current record owner of the Premises. The history of the filings, both in the Eastern District of New York is as follows: case 15-40038 was filed on January 7, 2015 (on the eve of a scheduled foreclosure sale) and was dismissed for debtor's failure to cure deficiency filing. A Final Notice of Section 521 Deficiencies was filed on February 9, 2015 advising the debtor of statements and schedules due to be filed or the case would be subject to dismissal under § 521(i)(1) of the Bankruptcy Code. Debtor failed to complete the necessary filings thus allowing the case to be automatically dismissed on February 24, 2015 (See **Exhibit "B"**). A foreclosure sale was scheduled for April 16, 2015. Just days prior to that scheduled sale, and less than sixty days form the dismissal of the prior bankruptcy filing Joann Scott filed this [second] petition, under case number 15-41632 which caused that foreclosure sale to be cancelled. On April 17, 2015, a Notice of Deficient Filing was docketed with certificate of service. (See **Exhibit "C"**).

3. A foreclosure sale was then scheduled for April 16, 2015. On April 13, 2015 (just days before that sale) Joann

Scott, filed the within Chapter 13 case. Based upon the prior dismissal and the timing of the filing in the within case, pursuant to 11 USC 362(c)(3)(A) the automatic stay imposed by the filing of the current case terminated thirty days after the filing. Debtor made no application pursuant to 11 USC 362(c)(3)(B) to extend the automatic stay, therefore the stay terminated on May 14, 2015.

4. The dockets of these two cases demonstrate Scott has absolutely no intention of completing the bankruptcy case, and that they were filed merely to thwart and stall Cross-Movant from proceeding to foreclosure sale.

3. Pursuant to 11 USC 362(c)(3)(B)the stay afforded Debtor by the filing will terminated thirty (30) days after the filing of the within case, nevertheless Cross-Movant moved to have stay vacated prospectively to prevent further abuses. The trustee also moved to dismiss the within action and both motions were adjourned to August 10, 2015. Cross-Movant did in fact appear but Cross-Movant's motion for relief was somehow overlooked/or deemed moot (which it was not) upon the hearing date. Nevertheless the Court restored the motion to the calendar for September 21, 2015. Prior to the hearing date the Debtor requested dismissal of the within case which was granted and Cross-Movants motion was removed

from the calendar. (**Exhibit "D"**). Now, although Debtor sought dismissal of her case she moves for certain relief.

**THE DEBTOR HAD NO EQUITY IN THE PREMISES AND SAID PREMISES WERE NOT NECESSARY TO AN EFFECTIVE REORGANIZATION THEREFORE CROSS-MOVANT WOULD HAVE BEEN ENTITLED TO RELIEF FROM THE STAY IN ANY EVENT**

4. Pursuant to Section 362(d)(2) of the Bankruptcy Code, the Court shall grant relief from stay and allow a creditor to take acts against property where the debtor does not have any equity in such property and the property is not necessary to an effective reorganization. **See**, **11 U.S.C. §362(d)(2)(A)&(B)**.

5. In the instant case, Cross-Movant would have been entitled to relief from stay because the Debtor herein does not currently and did not at the time of the filing of the within case have any equity in the subject premises as the total debt owed on the property, in the amount of $902,210.00, far exceeded the value of the property. A recent broker price opinion valued the property at $815,000.00 which is nearly $100,000.00 less than the debt due (See **"Exhibit E"**). Moreover Debtor failed to make any post-petition payments whatsoever so that relief pursuant to

362(d)(1) would also have been warranted.

## CROSS-MOVANT HAD GROUNDS TO HAVE ANY STAY VACATED PROSPECTIVELY AS TO ANY FUTURE BANKRUPTCY FILING BY DEBTOR OR ANY OTHER PARTY CLAIMING AN INTEREST IN THE REAL PROPERTY TO PREVENT ABUSIVE FILINGS

7. As this Debtor's abuse has no bounds, Cross-Movant seeks relief pursuant to §105(a) deeming that any filing of any petition under Title 11, by anyone claiming an interest in the Premises within 2 years from the date that relief herein is granted to Cross-Movant shall not stay Cross-Movant from completing its foreclosure action or evicting the occupants of the Premises. This relief is necessary to prevent continued abuse by Debtor, Joann Scott, or anyone having anything to do with the Premises.

8. Courts have vacated the stay prospectively as to further bankruptcy filings in connection with a specific real property to prevent abusive filings by co-owners intended solely to delay foreclosure on commonly held property. See *In Re Feldman*, 309 B.R. 422; See also *In Re Price*, 304 B.R. 769. Before granting *in rem* relief, a court must scrutinize the record and determine that an abuse of the bankruptcy process has occurred, through multiple filings made with the

sole intention of frustrating legitimate efforts of secured creditors to recover their collateral. See *In Re Price*, supra, at 773. The record herein shows such a history of such serial filings intended to prevent the secured creditor's recovery of the premises.

9. The bankruptcy petitions were each filed just in time to stave off an impending foreclosure sale. Cross-Movant respectfully submits that the latest petition is an abusive filing by Debtor, in that Debtor is seeking to use the Bankruptcy Code NOT for its purpose of giving an unfortunate debtor a clean start, but rather to wield the club of the automatic stay to frustrate the lawful claims of the creditors.

10. One of the priorities of the Bankruptcy Amendments of 2005 (BAPCPA) was to provide the Courts a means to address and to prevent continuous, multiple, abusive filings by debtors affecting a particular real property. This is precisely the pattern exhibited by the debtors described herein. Section 11 U.S.C. 362(d)(4)(B) allows the court to address a situation wherein the "filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved … multiple bankruptcy filings affecting such real

property".

11. Cross-Movant respectfully urges this Court to confirm that no stay was in effect at the time of the conducting of the foreclosure sale, and to issue and order vacating the stay prospectively with prejudice as to the Premises, pursuant to 11 U.S.C. 362(d)(4)(B), so as to prevent future abusive filings pursuant to the equitable powers of this Court.  Such a Court Order is critical to allow Cross-Movant to successfully conduct a foreclosure sale pursuant to the Judgment of Foreclosure granted in the underlying State Court foreclosure action.

12. It is clear that Debtor is abusing the Bankruptcy System by repeatedly filing bankruptcy right before the time of the scheduled foreclosure sales.

13. Debtor's claim of lack of notice of the foreclosure sale is disingenuous and in any event a state court issue. Debtor has been represented by counsel for several years upon whom notice of the sale was served (**Exhibit "F"**). Moreover, on August 13, 2015 the morning of the scheduled foreclosure sale I received an email communication (**Exhibit "G"**) from Scott Mandel, Esq. of Erica T. Yitzhak, Esq. P.C., counsel for the debtor in both the state court action and this

proceeding. Mr. Mandel indicated an intention to bring an Order to Show Cause to stay the sale claiming that the mortgage holder of record was not a properly filed New York Corporation. When I pointed out that was inaccurate and the frivolity of his claim, he retreated and confirmed no such application would be made. That communication came after Mr. Mandel had contacted me days prior attempting to secure an adjournment of the sale from me – which request I denied. Therefore Debtor's counsel had actual notice of the August 13, 2015 sale date.

14. Debtor's claim that she was either not aware of the sale date or misinformed as to whether or not there was a stay are between her and her counsel. Cross-Movant acted appropriately and properly and there is no basis to disturb the properly conducted sale.

**WHEREFORE,** Cross-Movant respectfully requests an Order of this Court (1) confirming that by August 13, 2015 the automatic stay had lapsed by virtue of 11 U.S.C. Section 362(c)(3)(B) as to Cross-Movant and no stay was in effect; (2) granting Cross-Movant leave to proceed with a foreclosure action in the Supreme Court of the State of New York, County of Kings or any other court with jurisdiction to dispossess

Debtor; (3) granting Cross-Movant relief pursuant to 11 U.S.C. §105(a) and 362(d)(4)(B) deeming that any filing of any petition under Title 11, by anyone claiming an interest in the Premises known as 382 Quincy Street, Brooklyn, New York 11216, within 2 years from the date that relief is granted to Cross-Movant shall not stay Cross-Movant from completing its foreclosure action or evicting the occupants of the Premises, (4) granting the fees and costs associated with bringing the within motion; and (5) granting such other, further, and different relief as to this Court may seem just, proper, and equitable.

Dated:   Syosset, New York
         September 25, 2015

Respectfully,

PETER T. ROACH AND ASSOCIATES, P.C.

                                  /s/ Michael C Manniello
                                  MICHAEL C. MANNIELLO
                                  Peter T. Roach and
                                  Associates, P.C.
                                  Attorney for Cross-Movant
                                  125 Michael Drive, Suite 105
                                  Syosset, NY 11791
                                  516-938-3100 (x336)

```
UNITED STATES BANKRUPTCY COURT        MOTION DATE:
EASTERN DISTRICT OF NEW YORK          July 7, 2015 @ 10:00 a.m.
--------------------------------x
In re:                                Chapter 13
                                      Case No. 15-41632
        JOANN SCOTT,
                                           ORDER
                Debtor.               VACATING STAY
--------------------------------x
```

APPLICATION HAVING BEEN MADE to this Court by FJN Management Corp. (hereinafter referred to as " FJN Management") by Notice of Motion dated May 21, 2015, seeking an Order

vacating as to it the automatic stay imposed by 11 U.S.C. 362(a); and it appearing that Notice of said Motion, Affidavit and Affirmation having been served upon the debtor, debtor's attorney, the Chapter 13 Trustee and the U.S. Trustee; and this matter having come before the United States Bankruptcy Court at 10:00 a.m. on July 7, 2015; and there being no written opposition thereto; and good and sufficient cause appearing therefore; it is

ORDERED, that the application of FJN Management to the extent it requests an order vacating the automatic stay pursuant to 11 U.S.C. 362(d) is hereby granted as set forth below; and it is further

ORDERED, that the automatic stay imposed by 11 U.S.C. 362(a) is hereby terminated as to FJN Management, its successors and/or assigns, with respect to the property described below; and it is further

ORDERED, that FJN Management, its successors and/or assigns, is hereby granted leave to proceed with a foreclosure action in the Supreme Court of the State of New York, County of Kings, as against the subject real property commonly known and described as 382 Quincy Street, Brooklyn, New York 11216; and it is further

**ORDERED**, that this Order shall remain in full force and effect after the case is closed and the Order shall survive the

closing of the case, and said Order shall be deemed in full force and effect pursuant to 11 U.S.C. §362(d)(4) and shall be applicable in any subsequent new cases and/or conversions filed by Debtor Joann Scott, and any other future Debtor claiming to have any interest in the premises 382 Quincy Street, Brooklyn, New York 11216, and that this Order shall be recorded in the real property records of the New York City Register in compliance with State Law; and it is further

ORDERED, that FJN Management may increase the mortgage indebtedness by the sum of $176.00 for the cost associated with bringing this motion; and it is further

ORDERED, that the provisions of Bankruptcy Rule 4001(a)(3) are hereby waived; and it is further

ORDERED, that this Order shall remain in full force and effect in any conversion or consolidation of the within case; and it is further

ORDERED, that the Chapter 13 Trustee and the debtor shall receive notice of any surplus monies which may exist after the foreclosure sale.

Dated:  Brooklyn, New York
        _____, 2015

                                _____
                                HON. Elizabeth S. Stong
                                U.S. Bankruptcy Judge

Eastern District of New York

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In re:                                    **AFFIDAVIT OF SERVICE**
    JOANN SCOTT,
                                         CHAPTER 13
                                         CASE NO. 15-41632
                       Debtor.
----------------------------------X
STATE OF NEW YORK    )
                        ) SS.:
COUNTY OF NASSAU    )

       Ken Urban, being duly sworn, deposes and says:

       Deponent is not a party to the action, is over 18 years of age and resides in the State of New York.

       That on May 21, 2015 deponent served the annexed **NOTICE OF MOTION FOR RELIEF FROM STAY AND SUPPORTING PAPERS, WITH EXHIBITS and PROPOSED ORDER VACATING AUTOMATIC STAY** on the following parties at the addresses designated by them, for that purpose, by depositing a true copy of same enclosed in postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York:

   **JOANN SCOTT**
   Debtor
   382 Quincy Street
   Brooklyn, NY 11216

   **ERICA T. YITZHAK, Esq.**
   Counsel for Debtor
   17 Barstow Road
   Suite 406
   Great Neck, NY 11021

   **MARIANNE DE ROSA**

```
Trustee
115 Eileen Way
Suite 105
Syosset, NY 11791
```

**CONTINUED ON NEXT PAGE**

**UNITED STATES TRUSTEE**
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

　　　　　　　　　　　　　　　　　　　　　*/s/   Ken Urban*
　　　　　　　　　　　　　　　　　　　　　　　　Ken Urban

Sworn to before me on the
21st day of May 2015

/s/ Michael Manniello
NOTARY PUBLIC
Notary Public, State of New York
No. 02MA4941349
Qualified in Suffolk County
Commission Expires August 1, 2018